1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  THOMAS TEMPLE ALFORD,                    No.  2:18-cv-0463 JAM AC P

12              Plaintiff,

13      v.                                    ORDER and

14  STEPHEN CARLTON, et al.,                  FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17      I.      Introduction

18          Plaintiff is a state prisoner at Pelican Bay State Prison, under the authority of the

19  California Department of Corrections and Rehabilitation.  Plaintiff proceeds pro se with a civil

20  rights complaint filed pursuant to 42 U.S.C. § 1983.  He has also filed a motion for leave to

21  proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a motion to obtain DNA testing.

22          This action is referred to the undersigned United States Magistrate Judge pursuant to 28

23  U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, plaintiff's motion for

24  leave to proceed in forma pauperis is granted; however, the undersigned recommends that this

25  action be dismissed without leave to amend, and plaintiff's motion for DNA testing be denied as

26  moot.

27  ////

28  ////

                                              1

## II.  In Forma Pauperis Application

Plaintiff's application to proceed in forma pauperis and prison trust account statements make the showing required by 28 U.S.C. § 1915(a).  See ECF Nos. 2, 7, 12.  Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 2, will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## III.  Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

IV.     Screening of Plaintiff's First Amended Complaint

A.     Plaintiff's Allegations

Plaintiff is incarcerated for a 1996 conviction based on his guilty plea to second degree murder with use of a firearm. Plaintiff first challenged his conviction in this court in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Alford v. Clay, Case No. 2:07-cv-01035 GEB DAD P (E.D. Cal.). The petition was dismissed on January 4, 2008, because filed after expiration of the statute of limitations. See id. (ECF Nos. 16, 18). Petitioner's subsequent request to the Ninth Circuit Court of Appeals for a certificate of appealability was denied. Id. (ECF No. 25).

In 2010, plaintiff again attempted to challenge his conviction in a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Alford v. Dickinson, Case No. 2:10-cv-0383 JAM DAD P (E.D. Cal.). The petition was dismissed without prejudice as second or successive. See id. (ECF Nos. 18, 20).

The following year, in an action filed pursuant to 42 U.S.C. § 1983, plaintiff attempted to obtain DNA testing of the evidence submitted in support of his 1996 conviction. See Alford v. Shasta County Superior Court, Case No. 2:11-cv-2583 WBS GGH P (E.D. Cal.). The First

3

Amended Complaint in that action named as defendants Shasta County District Attorney Dennis Sheehy, Shasta County Superior Court Judge Anthony Anderson, and Shasta County Public Defender James, each of whom were principals in plaintiff's criminal proceeding.[1]  The court dismissed the action for failure to state a claim, construing the effort as a challenge to plaintiff's confinement under 28 U.S.C. § 2254.  See id. (ECF Nos. 12, 15).

In the present case, plaintiff again names two "elected" Shasta County defendants: Stephen Carlton (a former District Attorney), and Daniel Flynn (a current Superior Court judge).  Plaintiff contends these defendants "failed to uphold their sworn oaths, and comply with the long established Congressional Innocence Protection Act of 2004, 18 U.S.C. § 3600(a), for the testing of the untested DNA evidence hi-lited [sic] in the forensic report (attached)."  ECF No. 1 at 4 (citing id. at 11-2 (Cal. Dept. Justice, Bureau of Forensic Services, Feb. 23, 1996 "Physical Evidence Examination Report")).  Plaintiff asserts that defendants' failure to comply with the Act – by advocating for and ordering DNA testing of the evidence used in obtaining plaintiff's state criminal conviction – violates the Eighth Amendment's proscription against cruel and unusual punishment.  With this action, plaintiff seeks injunctive relief as "authorized by 28 U.S.C. [§§] 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure."[2]  Id.

////

---

[1]  As set forth in Alford v. Shasta County Superior Court, Case No. 2:11-cv-2583 WBS GGH P (E.D. Cal.) (ECF No. 12 at 3-4) (internal citations omitted):

> In the amended complaint, plaintiff alleges that defendant Sheehy failed to properly oversee his employees in the prosecution of plaintiff's case in violation of his due process rights.  Plaintiff contends that defendant Richardson, who was assigned to investigate and determine whether a motion brought pursuant to Cal. Pen. Code §1405 for DNA on plaintiff's behalf would be appropriate, violated his due process rights and provided ineffective assistance of counsel by declining to bring such a motion.  Finally, plaintiff maintains that defendant Judge Anderson violated his due process rights as well as Cal. Penal Code § 14051 and Cal. Evid. Code § 11532 by denying plaintiff's motion for DNA testing on the ground that plaintiff had voluntarily entered a guilty plea on the relevant charges.  Plaintiff presents evidence that his request for DNA testing has been rejected up through the state Supreme Court.

[2]  These authorities generally authorize the issuance of injunctive relief by federal courts under appropriate circumstances.

4

B.    Analysis

Plaintiff's allegations fail to state a cognizable claim for the following reasons. First, plaintiff's allegations fail to demonstrate application of 18 U.S.C. § 3600. Upon written motion of an individual sentenced pursuant to a conviction for a *federal* offense, 18 U.S.C. § 3600(a) sets forth the threshold requirements for a federal court to order DNA testing. Although the statute authorizes DNA testing of evidence related to a state offense, it is necessary that the "evidence of such offense was admitted during a *Federal* sentencing hearing and exoneration of such offense would entitle the applicant to a reduced sentence or new sentencing hearing." 18 U.S.C. § 3600(a)(1) (B)(i) (emphasis added). Here plaintiff challenges only his state conviction and sentence and therefore his request for DNA testing does not come within the parameters of 18 U.S.C. § 3600(a).

Second, for the same reasons identified by the court in <u>Alford v. Shasta County Superior Court</u>, Case No. 2:11-cv-2583 WBS GGH P (E.D. Cal.), both named defendants in the instant case are immune from suit. <u>See id.</u> (ECF No. 12 at 5-7). <u>See also</u> <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075-78 (9th Cir. 1986) (prosecutors and judges are immune from suit when their challenged conduct, even if in error, was within the normal scope of their respective prosecutorial and judicial responsibilities).

Third, although the instant action is framed as a civil rights action under 42 U.S.C. § 1983, it clearly constitutes yet another attempt by plaintiff to challenge his current confinement based on his 1996 conviction and sentence. Such a challenge may be pursued only as a habeas action under 28 U.S.C. § 2254. However, in light of plaintiff's prior habeas petitions, any new petition would be successive. This court must dismiss a successive habeas petition unless it has been authorized by the Ninth Circuit Court of Appeals. <u>See</u> 28 U.S.C. § 2244(b). Because petitioner has not obtained such authorization, this court is precluded from construing the instant complaint as a putative habeas petition.

"Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 861 (9th Cir. 2003) (citing <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th

Cir. 2000) (en banc)), cert. denied, 541 U.S. 1063 (2004). "It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); accord, Lopez, 203 F.3d at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."); Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

For the reasons set forth above, the undersigned is persuaded that the deficiencies in plaintiff's complaint cannot be cured by amendment. Therefore, this court will recommend the dismissal of this civil rights action without leave to amend, for failure to state a cognizable claim, and recommend that plaintiff's motion for DNA testing be denied as moot.

V.    Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

Additionally, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend for failure to state a cognizable claim; and

2. Plaintiff's motion for DNA testing, ECF No. 3, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 18, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE