UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS TEMPLE ALFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN CARLTON, et al.,<br><br>    Defendants. | Dist. Ct. Case No. 2:18-cv-0463 JAM AC P<br><br>Court of Appeals Case No. 18-16088<br><br><br><br>ORDER and NOTICE |

    Plaintiff is a state prisoner proceeding pro se with this action that was dismissed without leave to amend on May 31, 2018. The Ninth Circuit Court of Appeals has now referred to this court the question whether petitioner's in forma pauperis status should continue on appeal. See ECF No. 27. Where, as here, a party was permitted to proceed in forma pauperis in the district court, the party may proceed in forma pauperis on appeal without further authorization unless the district court certifies in writing "that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." Fed. R. App. P. 24(a)(3)(A); see also 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

    "The only statutory requirement for the allowance of an indigent's appeal is the applicant's 'good faith.' In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United

1

States, 356 U.S. 674, 674 (1958). "[A] complaint filed in forma pauperis is not automatically frivolous within the meaning of § 1915(d) because it fails to state a claim." Neitzke v. Williams, 490 U.S. 319, 331 (1989). "If at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole." Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or alleging "infringement of a legal interest which clearly does not exist." Id. at 327. Factually frivolous claims are those premised on "factual contentions [that] are clearly baseless," including those "describing fantastic or delusional scenarios." Id. at 327-28.

Plaintiff remains incarcerated for a 1996 conviction based on his guilty plea to second degree murder with use of a firearm. Plaintiff first challenged his conviction in federal court in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Alford v. Clay, Case No. 2:07-cv-01035 GEB DAD P (E.D. Cal.). The petition was dismissed on January 4, 2008, because filed after expiration of the statute of limitations. See id. (ECF Nos. 16, 18). Petitioner's subsequent request to the Ninth Circuit Court of Appeals for a certificate of appealability was denied. Id. (ECF No. 25). In 2010, plaintiff again attempted to challenge his conviction in a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Alford v. Dickinson, Case No. 2:10-cv-0383 JAM DAD P (E.D. Cal.). The petition was dismissed without prejudice as second or successive. See id. (ECF Nos. 18, 20). The following year, in an action filed pursuant to 42 U.S.C. § 1983, plaintiff attempted to obtain DNA testing of the evidence submitted in support of his 1996 conviction, naming numerous public officials as defendants. See Alford v. Shasta County Superior Court, Case No. 2:11-cv-2583 WBS GGH P (E.D. Cal.). The court dismissed that action for failure to state a claim, construing the effort as a challenge to plaintiff's confinement under 28 U.S.C. § 2254. See id. (ECF Nos. 12, 15).

In the instant case, plaintiff sought an order of this court requiring DNA testing of the evidence underlying plaintiff's state criminal conviction. Plaintiff asserts that the failure of both

named defendants (former Shasta County District Attorney Stephen Carlton, and former Shasta County Superior Court Judge Daniel Flynn) to order such testing violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. This court dismissed the instant action for failure to state a cognizable claim. See ECF Nos. 15, 22. The district court identified three reasons for dismissing this action without leave to amend: (1) the federal statutory authority cited in support of plaintiff's request for DNA testing, 18 U.S.C. § 3600(a), does not support the testing of evidence underlying a state conviction and sentence; (2) both named defendants are immune from suit; and (3) the complaint challenges plaintiff's current confinement based on his 1996 conviction and sentence, and is thus a successive habeas action under 28 U.S.C. § 2254, filed without authorization from the Court of Appeals, see 28 U.S.C. § 2244(b).

The undersigned finds that plaintiff's claims in this action are both legally and factually frivolous, with no valid grounds on which to base an appeal. Therefore, the undersigned certifies that any appeal taken from this court's order of dismissal and judgment is frivolous and not taken in good faith.

Accordingly, IT IS HEREBY ORDERED that:

1. The undersigned certifies, for the reasons set forth above, that plaintiff's in forma pauperis status should not continue on appeal, see Fed. R. App. P. 24(a)(3)(A), and 28 U.S.C. § 1915(a)(3).

2. Within thirty (30) days after service of this order and notice, plaintiff may file, in the Court of Appeals, a motion for leave to proceed in forma pauperis on appeal. See Fed. R. App. P. 24(a)(5). Such motion "must include a copy of the [plaintiff's] affidavit filed in the district court [see ECF Nos. 2, 7, 12] and the district court's statement of reasons for its action." Id.

3. The Clerk of Court is directed to immediately notify plaintiff and the Ninth Circuit Court of Appeals of this Order and Notice. See FRAP 24(a)(4).

DATED: June 18, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE